Jorge Gonzalez (CBN 100799)
A PROFESSIONAL CORPORATION
2485 Huntington Drive, Suite 238
San Marino, California 91108
Tel: 626-382-3081;Cell: 213-598-3278
E-mail: jggorgeous@aol.com

Morgan E. Ricketts (CBN 268892)
RICKETTS LAW
540 El Dorado Street, Suite 202
Pasadena California 91101
Tel: (213) 995-3935; Fax: (213) 995-3963
E-mail: morgan@morganricketts.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSICA ROMERO and BRIAN ROSARIO,**<br><br>    **Plaintiffs,**<br><br>    **vs.**<br><br>**LOS ANGELES COUNTY, a public entity; LOS ANGELES COUNTY SHERIFFS DEPARTMENT; and YANEZ, LOERA, MEYER, and DOES 1 through 10, inclusive, individually and in their official capacity as Los Angeles County Sheriff's deputies,**<br><br>    **Defendants.** | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1.  False Arrest, Illegal Search,  and Excessive Use of Force in Violation of the 4th Amendment;**<br>**2.  Violation of Due Process of Law in Violation of the 1st, 5th, and 14th Amendments;**<br>**3.  Violation of Federal Civil Rights by Public Entity;**<br>**4.  Violation of Bane Act;**<br>**5.  Battery;**<br>**6.  False Arrest;**<br>**7.  Negligence.**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1.    Jurisdiction is conferred upon this Court by Title 28, United States Code §§ 1331 and 1343, and arises under Title 42, United States Code §§ 1983 and 1988.

1

**VENUE**

2.      The acts complained of arose within the Central District of California therefore venue properly lies here pursuant to 28 U.S.C. § 1391.  One or more of the Defendants resides in or has its principle place of business in Los Angeles County.

**PARTIES**

3.      Plaintiffs  JESSICA ROMERO and BRIAN ROSARIO are, and at all times material herein were residents of Los Angeles County.

4.      At all times material herein, Defendant LOS ANGELES COUNTY was and is a public entity duly organized and chartered under the laws of the State of California, and was responsible for the hiring, training, and supervising of the conduct of its employees and agents of the LOS ANGELES COUNTY, and its Sheriff's Department, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and all of its deputies and members.  These Defendants are a "person" and subject to suit within the meaning of Title 42, U.S.C. § 1983 under *Monell v. New York Dept. of Social Serv.*, 436 U.S. 658, 691 (1978).

5.      At all times material herein, said Defendant LOS ANGELES COUNTY was responsible for the employment, training, and supervision of the actions, conduct, policies, practices, and customs of the employees and agents of the LOS ANGELES COUNTY, including its Sheriff's Department and all of its members.  At all times material herein, Defendant LOS ANGELES COUNTY was responsible for assuring that the actions, conduct, policies, procedures, and customs of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT complied with the laws and the Constitutions of the United States and of the State of California.

6.      Plaintiffs are informed and believe, and based thereon hereby allege that Defendant LOS ANGELES COUNTY is responsible for implementing, maintaining, sanctioning, or condoning a policy, custom or practice, under which

2

the wrongful or illegal acts hereinafter complained of occurred.  By reason of this policy, custom or practice, Defendant LOS ANGELES COUNTY is liable for the damages hereinafter complained of.  As to the claims filed under the laws of the State of California, Defendant LOS ANGELES COUNTY is liable for the damages under the principle of *respondeat superior.*

7.      Plaintiffs are informed and believe, and based thereon allege that at all times material herein, Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, inclusive, were each duly appointed and acting Sheriff's deputies employed as such by the Defendant LOS ANGELES COUNTY, and at the time of the acts hereinafter complained of, each said Defendant was acting within the course and scope of such employment and under the color of law.  Plaintiffs sue each of these Defendants both in their official and individual capacities.

8.      The true names of Defendants DOES 1 through 10, inclusive, are not now known to Plaintiffs who therefore sue said Defendants by such fictitious names, but upon ascertaining the true name of a DOE Defendant, Plaintiffs will amend this complaint, or seek leave to do so, by substituting same for said fictitious name.  Plaintiffs are informed and believe, and based thereon allege, that each DOE Defendant is in some manner responsible for the injuries and damages herein complained of.

9.      At all times material herein, Defendants were each acting as the employee, agent representative, and officer of every other Defendant herein, and within the course and scope of such employment and agency.  Plaintiffs filed a claim for damages on October 2, 2020, with the LOS ANGELES COUNTY pursuant to Government Code § 910 et seq.  It was denied on November 16, 2020, and this complaint was timely filed within six months of the date of rejection.

///

///

3

COMPLAINT FOR DAMAGES

1

## FACTS COMMON TO ALL COUNTS

2      10.   The acts complained of herein commenced on June 1, 2020.  At

3  approximately 10:30 p.m., plaintiffs JESSICA ROMERO and BRIAN ROSARIO left

4  their home to go buy something to eat because JESSICA was not feeling well.  A County

5  wide curfew had just been imposed because of protests in other parts of the County.

6  Several deputy sheriffs conducted a traffic stop of plaintiffs and they pulled into a well-lit

7  gas station.  The sole purpose of the stop was the curfew.

8      11.   The deputies immediately started yelling "Get your hands in the air."  As

9  the deputies aggressively approached the car JESSICA got scared and began filming

10  them using her cell phone, holding it in her left hand while she held her right hand in the

11  air.  An unknown deputy sheriff (identified herein as DOE 1) pulled BRIAN out of the

12  driver's side door for no apparent reason.  Defendant YANEZ then opened the passenger

13  door and ordered JESSICA to put her hands on the dashboard.  JESSICA immediately

14  put her right hand on the dashboard and informed the deputy she was filming.  He said

15  "fine."

16      12.   Defendant YANEZ then asked her in forceful terms if she was on probation

17  or parole.  Plaintiff answered she was not.  Defendant YANEZ then asked if she had any

18  illegal weapons in the car, guns, knives, bombs, or grenades.  She replied "No, none at

19  all."  JESSICA then told YANEZ he was making her anxiety rise through the roof.  He

20  then asked her why was she shaking.  She responded he was making her nervous.

21  Defendant YANEZ then proceeded to ask her where they had gone to eat.  She told him,

22  then he asked why they had gone out when a curfew was in effect.  JESSICA explained

23  she had suffered a panic attack at home and they went to buy something to eat hoping it

24  would relax her.  Since he was standing immediately in the doorwell JESSICA asked him

25  to please step back.  Defendant YANEZ refused, and instructed her to get out of the

26  vehicle.  JESSICA remained in the vehicle because she was frightened.

27      13.   A female deputy defendant LOERA then stepped up and ordered JESSICA

28  to remove her seat belt, threatening if she didn't do it the deputy would remove it

COMPLAINT FOR DAMAGES

forcefully.  JESSICA asked defendant LOERA to step back and she would comply, because she didn't trust LOERA at that point.  Defendant LOERA refused, and when JESSICA told her they were making her very nervous, LOERA reached into the vehicle and grabbed JESSICA's right hand.  Another unknown deputy (identified herein as defendant DOE 2) reached in from the driver's side and tried to take the cell phone from JESSICA's hand.  JESSICA continued trying to film, and defendant DOE 2 began trying to twist her left arm.  JESSICA began to scream in pain. Defendant DOE 2 succeeded in ripping the phone from her hand, placing it on top of the car's roof.  During the process JESSICA's bathrobe was torn.

14.     Plaintiff JESSICA began to cry while the deputies berated her for not complying and for being out during the curfew.  She asked the deputies to please leave her alone.  After they did so, she unbuckled her seat belt and stepped out of the car.  They immediately escorted her over to a patrol vehicle, where they discussed the curfew and the reason for her high level of anxiety (as if it was evidence she had committed a serious crime).  They ran her name.  An unknown undercover detective (identified herein as defendant DOE 3) came over and asked her if she could help him buy drugs.  She denied she could and objected to them asking her.

15.     Meanwhile, BRIAN was detained in the back of a patrol vehicle.  Other than the fact that they were out during curfew hours, an infraction or low-level misdemeanor, the deputies lacked probable cause to believe he had violated the law. JESSICA could see BRIAN  was being detained in a patrol vehicle, and various unknown deputies (identified herein as defendants DOES 4-6) were searching their car without a warrant or their permission.

16.     Defendant YANEZ then told BRIAN he had to delete the video from the cell phone or they were both going to jail.  BRIAN then deleted the video.  Over an hour passed with BRIAN detained in the patrol vehicle and JESSICA standing outside. JESSICA began to feel nauseous and vomited.

COMPLAINT FOR DAMAGES

17.     After 10 more minutes defendant LOERA handcuffed JESSICA and took her into custody, telling her she was going to jail for resisting arrest.  Defendants LOERA and MEYER told her she would be taken to the East L.A. station and cited and released. They informed BRIAN she was being taken to the station on 3rd Street.

18.     Plaintiff JESSICA ROMERO was then transported to the East Los Angeles Sheriff's station.  BRIAN ROSARIO was released from custody.

19.     At the station, defendant LOERA conducted an intrusive pat down search of Plaintiff JESSICA, touching her breasts extensively, and touching her vaginal area under her underwear.  She was left in a cell.

20.     After about 45 minutes Defendant LOERA and an unidentified male deputy (identified herein as defendant DOE 7) came and told her they were going to interview her, and then she would be released.  Plaintiff JESSICA was instructed that she had to answer the questions as instructed, denying she had filmed a video, and denying she had been assaulted in any fashion.  She was told that if she cooperated she would be released. She indicated she understood.  Defendant MEYER then returned with an unidentified supervisor (identified herein as defendant DOE 8), and she was asked several questions, which she answered consistent with their instructions.  Her statements at this time were not truthful, and made under duress because she was fearful and wanted to get out of jail.

21.     Later, Plaintiff JESSICA was booked and given a wristband, rather than be released as she had been promised.  JESSICA asked defendant LOERA if she was going to be cited and released, as promised.  Defendant LOERA responded "We'll see."

22.     A few minutes later defendant LOERA returned with a citation, and JESSICA was told to sign it, which she did.  About 4:40 a.m. JESSICA asked the jailer if she could be placed in a cell with a mattress and given a blanket.  A few minutes later JESSICA was led to another cell.

23.     About 7:15 a.m. Plaintiff JESSICA was removed from the cell and taken to an unidentified detective (identified herein as DOE 9), who immediately told her he was going retrieve her cell phone, and then he would need for her to delete the video.

6

JESSICA informed him that deputy YANEZ had forced BRIAN to delete the video. When given the phone she checked in google photos and found the video had been deleted. Defendant DOE 9 then took the phone from her and began searching for the video himself. She pleaded with him not to search because she had private photos. He asked if there was a "trash" bin where deleted photos would go. She checked and was unable to find the video.

24.    Defendant DOE 9 was not satisfied and insisted it must be in another folder or backup. Finally, unable to find it, he returned the phone to her, and she was released from the jail at 7:30 a.m. on June 2, 2020.

25.    After her release she went to Beverly Hospital for treatment of her injuries to her arm, shoulder, wrist, and thumb. While at the hospital, Plaintiff BRIAN received a phone call from defendant MEYER who wanted to interview him regarding what he had seen. He told her he didn't see anything, but she wanted him to call her when they got home. She then texted her name and phone number. Plaintiff BRIAN did not respond to her calls or texts, and she called again wanting to interview him on September 8, 2020. BRIAN advised her at that time he did not wish to answer questions because he was afraid she wanted to pressure him to lie and cover up what they had done.

26.    The acts of the defendants inflicted serious physical and emotional injuries on plaintiffs JESSICA ROMERO and BRIAN ROSARIO. The acts and/or omissions of defendants LOERA, YANEZ, MEYER, and DOES 1 to 10 were a proximate cause of the injuries and damages suffered by the Plaintiffs.

27.    Plaintiff JESSICA ROMERO went to court on August 3, 2020, to be arraigned on the charges on her citation, but no charges were filed.

## **CHARGING ALLEGATIONS**
## **FIRST CLAIM FOR RELIEF**

Violation of 4th Amendment

(Illegal Search, False Arrest, and Excessive Use of Force)

7

(Title 42, U.S.C. §§ 1983, 1988)

[By Plaintiffs JESSICA ROMERO and BRIAN

ROSARIO against Defendants YANEZ, LOERA,

MEYER, and DOES 1 through 10, inclusive]

28.   Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 27 of this complaint and makes each a part hereof as if set forth in full.

29.   The afore-described acts of by Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, against Plaintiff JESSICA ROMERO and BRIAN ROSARIO constituted an illegal search without a warrant or consent, a false arrest without a warrant or probable cause to believe they had committed a crime, and the unreasonable and excessive use of force against Plaintiff JESSICA ROMERO, thereby depriving Plaintiffs of the rights, privileges, and immunities guaranteed them by the Fourth Amendment to the U.S. Constitution, in violation of Title 42, U.S.C. § 1983.  In California, a person arrested for a misdemeanor must be released after receiving a citation and promising to go to court.  Penal Code § 853.6.

30.   By reason of the afore-described acts, omissions and conspiracy of Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, inclusive, Plaintiff JESSICA ROMERO and BRIAN ROSARIO suffered great physical and mental injury, trauma, pain, shock to their nervous system, anxiety, degradation, humiliation, fear and emotional distress, all to their damage in an amount not yet ascertained but to be proved in court.

31.   By reason of the afore-described acts and omissions by Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, Plaintiff JESSICA ROMERO was required to receive medical care, treatment, and examination and by reason thereof, Plaintiff incurred and will continue to incur doctor, medical,

COMPLAINT FOR DAMAGES

chiropractic, psychiatric, pharmaceutical and incidental expenses in an amount not yet ascertained but to be proved in court.

32.    By reason of the afore-described acts and omissions of Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, and each of them, Plaintiff JESSICA ROMERO suffered and will continue to suffer loss of employment and employment opportunity, thereby suffering in an amount not yet ascertained but to be proved.

33.    The afore-described acts of Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10 were done knowingly, intentionally, and for the purpose of vexing, and injuring Plaintiffs and to maliciously deprive Plaintiffs of rights guaranteed by the United States and California Constitutions and in conscious disregard thereof; and by reason thereof, Plaintiffs claim exemplary and punitive damages from said Defendants in an amount to be proved.

34.    By reason of the afore-described acts and omissions of Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, Plaintiffs were required to retain an attorney to institute and prosecute the within action and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of their aforementioned rights; and by reason thereof Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

(Title 42, U.S.C. §§ 1983, 1988)

(Violation of Due Process Rights under 1st, 5th and 14th Amendments)

[By Plaintiffs JESSICA ROMERO and BRIAN ROSARIO against Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10]

35.    Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 34 of this complaint and makes each a part hereof as if set forth in full.

36.    The afore-described acts of by Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, against Plaintiff JESSICA ROMERO and BRIAN ROSARIO constituted a violation of their due process rights under the 1st, 5th, and 14th Amendments to the U.S. Constitution, thereby depriving Plaintiffs of the rights, privileges, and immunities guaranteed them by the Fourth Amendment to the U.S. Constitution, in violation of Title 42, U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

(Title 42, U.S.C. §§ 1983, 1988)

(Violation of Civil Rights by a Public Entity)

[By Plaintiff JESSICA ROMERO and BRIAN ROSARIO against Defendants LOS ANGELES COUNTY and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 6 through 10]

37.    Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 32 and 34 through 36 of this complaint and makes each a part hereof as if set forth in full.

38.    Plaintiffs allege on information and belief that on or about June 1, 2020, and for some time prior thereto, Defendants LOS ANGELES COUNTY, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DOES 6 through 10, inclusive, maintained an unconstitutional policy, or allowed a pattern of conduct that was unconstitutional in its implementation, with respect to their policy of allowing illegal searches, false arrests, and the use of excessive force against unarmed persons, or persons that that did not engage in behavior that constituted an imminent threat of death or great bodily injury to the deputies or members of the general public.  Plaintiffs allege on information and belief Plaintiffs allege that prior to June 1, 2020, numerous persons were subjected by Los Angeles County

COMPLAINT FOR DAMAGES

Sheriff's Department to illegal searches, false arrests, and the use of unnecessary and excessive use of force.

39.     Plaintiffs allege on information and belief that on or about June 1, 2020, and for some time prior thereto, Defendants LOS ANGELES COUNTY, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 6 through 10, inclusive, failed to properly train, assign, supervise, and guide their deputies, in regards to warrantless searches of persons and vehicles, warrantless arrests, and the use of force, use of non-lethal weapons, apprehension tactics, and appropriate methods for dealing with minimally resisting individuals, and for some time prior thereto and since, have condoned, tolerated and accepted, and continue to condone, tolerate, and accept the excessive use of force, the writing of false police reports, the planting of evidence or withholding evidence to allow police misconduct to escape detection, the deficient supervision of line or patrol deputies, and in particular, the use of unnecessary and unreasonable force by its sworn deputies. Plaintiffs allege on information and belief that this failure to train and properly supervise their deputies was evident from the numerous incidents of the use of excessive force that occurred despite their purportedly being properly trained.

40.     Furthermore, Plaintiffs allege on information and belief that on or about June 1, 2020, and for some time prior thereto, Defendants LOS ANGELES COUNTY, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DOES 6 through 10, inclusive, failed to fully and objectively investigate claims, reports or allegations of misconduct by the deputies under their command, including failing to conduct vigorous examination and questioning of involved deputies, disregarding of the statements of percipient witnesses, and minimizing the acts and conduct of the involved deputies.  Plaintiffs allege on information and belief that Defendants LOS ANGELES COUNTY, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DOES 6 through 10, inclusive, were aware, for instance in this case, that after being wrongfully arrested and subjected to the

COMPLAINT FOR DAMAGES

excessive use of force, prosecutors refused to file criminal charges against Plaintiffs, thereby putting Defendants LOS ANGELES COUNTY, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DOES 6 through 10, inclusive, on notice that their deputies were committing violations of state and federal law, and yet and still Defendants LOS ANGELES COUNTY, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DOES 6 through 10, inclusive, refused to take action to discipline Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10 and other deputies employed by them who engaged in the same or similar type conduct.  As a result of said acts, omissions, policies, customs and practices, deputies who so engaged in a pattern of misconduct, violations of law, and wholesale violations of the civil rights of the citizenry were allowed to continue in their malfeasance unabated by any efforts of their superiors.

41.     By so doing, Defendant LOS ANGELES COUNTY, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 6 through 10 effectively ratified and ratifies the wrongful acts or misconduct of Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, and other deputies employed by them who engaged in the same or similar type conduct, and in practice, allows such wrongful acts, misconduct, and violations of civil rights to become the actual policy of Defendant LOS ANGELES COUNTY and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

**42.**     Said acts and omissions, policies, customs and practices by Defendants LOS ANGELES COUNTY, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 6 through 10, inclusive, were the moving force behind the violation of constitutional rights and damages complained of herein by Plaintiffs.

COMPLAINT FOR DAMAGES

**FOURTH CLAIM OF RELIEF**

(Violation of Civil Rights - Bane Act)

[Cal. Civil Code § 52.1(b), by Plaintiffs

JESSICA ROMERO and BRIAN ROSARIO against

Defendants LOS ANGELES COUNTY, and the LOS

ANGELES COUNTY SHERIFF'S DEPARTMENT]

43.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 32 and 34 through 42 of this complaint and make each a part hereof as if set forth in full.

44.     The LOS ANGELES COUNTY and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, by and through each individual Defendant YANEZ, MEYER, LOERA, and DOES 1 through 10, inclusive, interfered by violence, threats of violence, intimidation, or coercion, namely, the illegal searches and the false arrests of both Plaintiffs JESSICA ROMERO and BRIAN ROSARIO, and the unnecessary and excessive use of force against Plaintiff JESSICA ROMERO, with the exercise or enjoyment of the constitutional or statutory rights of said Plaintiffs, which rights included, but are not limited to the right to be free of unreasonable searches and seizures made without a warrant or probable cause in violation of rights protected under Article 1, Section 13 of the California Constitution.

45.     Plaintiffs JESSICA ROMERO and BRIAN ROSARIO allege that the above-named Defendants' wrongful conduct in violation of California Civil Code § 52.1(b) caused deprivations of rights and freedom, and caused injury and damage, both physical and emotional, including pain and suffering.  Plaintiffs JESSICA ROMERO and BRIAN ROSARIO allege that this wrongful conduct of these Defendants YANEZ, MEYER, LOERA, and DOES 1 through 10, inclusive, legally caused Plaintiffs general and special damages as allowable pursuant to constitutional law in an amount according to proof.

COMPLAINT FOR DAMAGES

46.     By virtue of the provisions of California Civil Code § 52.1 (h), Plaintiffs JESSICA ROMERO and BRIAN ROSARIO are entitled to an award of treble damages, reasonable attorneys' fees and costs according to proof.

47.     These afore-mentioned acts of individual Defendants YANEZ, MEYER, LOERA, and DOES 1 through 10, inclusive, and each of them, were done recklessly, knowingly, intentionally, and for the purpose of vexing and injuring Plaintiffs JESSICA ROMERO and BRIAN ROSARIO and to maliciously deprive them of rights guaranteed them by the U.S. and California Constitutions and in conscious disregard thereof; and by reason thereof, Plaintiffs JESSICA ROMERO and BRIAN ROSARIO claim exemplary and punitive damages from said Defendants in an amount to be proved.

**FIFTH CLAIM OF RELIEF**

(Battery, Cal. Government Code §§ 815.2, 820)

[By Plaintiff JESSICA ROMERO against Defendants LOS ANGELES COUNTY, and YANEZ, LOERA, MEYER, and DOES 1 through 10, inclusive]

48.     Plaintiff hereby incorporate by reference each and every allegation contained in paragraphs 1 through 32,  and 34 through 46 of this complaint and make each a part hereof as if set forth in full.

49.     At all times mentioned herein, Plaintiff JESSICA ROMERO was subjected to a battery by Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, inclusive, acting within the scope and course of their employment with the Defendant LOS ANGELES COUNTY.

**SIXTH CLAIM OF RELIEF**

(False Arrest, Cal. Government Code §§ 815.2, 820)

[By Plaintiffs JESSICA ROMERO and

14

COMPLAINT FOR DAMAGES

BRIAN ROSARIO against

Defendants YANEZ, MEYER, LOERA, and DOES 1 through

10, inclusive, and Defendants LOS ANGELES COUNTY]

50.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 32 and 34 through 46 of this complaint and make each a part hereof as if set forth in full.

51.     On or about June 1, 2020, Plaintiffs JESSICA ROMERO and BRIAN ROSARIO were falsely arrested without a warrant or probable cause that they had committed a crime.

52.     As a direct and legal result of the aforesaid false arrests committed by Defendants YANEZ, MEYER, LOERA, and DOES 1 through 10, and each of them, Plaintiffs were injured, and have suffered the damages as alleged above.

**SEVENTH CLAIM OF RELIEF**

(Negligence, Cal. Government Code §§ 815.2, 820)

[By Plaintiffs JESSICA ROMERO and

BRIAN ROSARIO against Defendants LOS ANGELES

COUNTY, and Defendants YANEZ, LOERA, MEYER,

and DOES 1 through 10, inclusive]

53.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 32, and 34 through 46 of this complaint and make each a part hereof as if set forth in full.

54.     On or about June 1, 2020, and at all times mentioned herein, Plaintiff JESSICA ROMERO was subjected to use of excessive force and both Plaintiffs JESSICA ROMERO and BRIAN ROSARIO were subjected to illegal searches and a false arrest by Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, inclusive, who were acting within the course and scope of their duties as deputy Sheriffs for the defendant LOS ANGELES COUNTY.  Defendants, and each of

15

them, breached the standard of performance of their duties, and were negligent in the performance of their Sheriff's Department's tactics and duties, and this negligence caused the violation of Plaintiffs' rights and injuries.  Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10 failed to comply with their above stated tactics and duties and their conduct was at all times mentioned herein, below the standard of care for reasonable law enforcement deputies, and this negligence caused the injuries and damages alleged herein.

55.    As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of Defendants, and each of them, Plaintiffs were injured, and have suffered the damages as alleged above.


WHEREFORE, Plaintiffs JESSICA ROMERO and BRIAN ROSARIO pray for judgment as follows:

1.   General damages in an amount to be proved;
2.   Medical, doctor, psychiatric, pharmaceutical, and incidental expenses to be proved;
3.   Punitive damages from Defendants YANEZ, LOERA, MEYER, and DOES 1 through 10, inclusive;
4.   Costs of litigation;
5.   Reasonable attorney's fees pursuant to Title 42, U.S.C. § 1988 and California Civil Code § 52.1;
6.   Such other and further relief as the court deems appropriate and just.

Dated: December 15, 2020                    LAW OFFICES OF JORGE GONZALEZ


By:   /S/ *Jorge Gonzalez*
        Jorge Gonzalez, Esq.

Attorneys for Plaintiffs

16

JESSICA ROMERO and
BRIAN ROSARIO

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.


Dated: December 15, 2020          LAW OFFICES OF JORGE GONZALEZ


                                  By:   /S/ *Jorge Gonzalez*
                                       Jorge Gonzalez, Esq.

                                  Attorneys for Plaintiffs
                                  JESSICA ROMERO and
                                  BRIAN ROSARIO

17

COMPLAINT FOR DAMAGES